# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
# WESTERN DIVISION

**DEIDRE P. BONDS**                                                              **PLAINTIFF**

**v.**                                             **CIVIL ACTION NO. 5:15-CV-95-KS-MTP**

**ASTON COURT RETIREMENT COMMUNITY, INC.,**
**INCORRECTLY NAMED ASTON COURT**
**RETIREMENT AND ASSISTED LIVING and**
**STACI LOCK HAMILTON, INCORRECTLY NAMED**
**STACY LOCKE**                                              **DEFENDANTS**

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on the Motion to Dismiss [17] filed by Defendants Aston Court Retirement Community, Inc., incorrectly named Aston Court Retirement and Assisted Living ("Aston"), and Staci Lock Hamilton, incorrectly named Stacy Locke ("Staci") (collectively "Defendants"). After reviewing the submissions of the parties, the record, and the applicable law, the Court finds that Defendants' Motion to Dismiss [17] is well taken and should be granted.

## I. BACKGROUND

On March 3, 2015, Plaintiff Deidre P. Bonds ("Plaintiff") filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC"), claiming that Defendants Aston and Staci discriminated against her because of her age and disability. (*See* Complaint [1] at p. 4.) The EEOC, after completing its investigation, issued Plaintiff a notice on May 12, 2015, stating that it found no violations and giving Plaintiff notice that she had ninety (90) days from the receipt of the letter to file a lawsuit based on her charge in federal court. (EEOC Dismissal and Notice of Rights [17-1].) This ninety-day time period expired on August 10, 2015. Plaintiff filed the current action on October 5, 2015, fifty-six (56) days after this deadline.

Defendants filed their Motion to Dismiss [17] on February 17, 2016, attaching as an exhibit the EEOC Dismissal and Notice of Rights [17-1].  Plaintiff has filed no response.

## II.  DISCUSSION

The Court has discretion to convert a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) into a motion for summary judgment when it is presented with "matters outside the pleading."  *General Retail Servs., Inc. v. Wireless Toyz Franchise, LLC*, 255 F.App'x 775, 783 (5th Cir. 2007) (citing *Isquith v. Middle S. Utils., Inc.*, 847 F.2d 186, 193 (5th Cir. 1988)).  When it does so, though, the requirements of Federal Rule of Civil Procedure 56 must be met.  *See id.*  The Court is required to give notice to the nonmovant before summary judgment is entered.  *See id.*  The Fifth Circuit has held this requires a notice of at least ten days.  *St. Paul Mercury Ins. Co. v. Williamson*, 224 F.3d 425, 435 (5th Cir. 2000).

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).  The Court finds no genuine dispute that the EEOC Dismissal and Notice of Rights [17-1] gave Plaintiff ninety days in which to file the current suit, and that this notice was issued on May 12, 2015.  Presumption of receipt when the date the notice was received is unknown is appropriate, and courts have found presumed receipt dates ranging from three to seven days after the notice was mailed.  *Taylor v. Books A Million*, 296 F.3d 376, 379 (5th Cir. 2002).  The current case was filed well after the expiration of this ninety-day limitation period on August 10, 2015, even with a presumption that Plaintiff did not receive the notice until a week after it was mailed.  As such, summary judgment is warranted because the suit is untimely.  *See Taylor*, 296 F.3d at 379-80.  Defendants' Motion to Dismiss [17] will therefore be **granted**.

However, because the Court is considering matters outside the pleadings and is construing Defendants' motion as a motion for summary judgment, Plaintiff must be given notice before the entry of summary judgment and afforded the opportunity to show cause why summary judgment should not be entered.  Plaintiff will therefore be given **ten (10) days** from the date of this order to show that there is a genuine issue of fact as to the timeliness of her suit and that summary judgment should not be entered against her.  If Plaintiff cannot do so, the Court will dismiss her claims with prejudice.

IT IS THEREFORE ORDERED AND ADJUDGED that Defendants' Motion to Dismiss [17] is **granted**.  Plaintiff is given  **ten (10) days** from the date of this order to show that there is a genuine issue of fact as to the timeliness of her suit and that summary judgment should not be entered against her.

SO ORDERED AND ADJUDGED this the 16th day of March, 2016.

> *s/Keith Starrett*
> UNITED STATES DISTRICT JUDGE